IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDUARD SARKISOV, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 3:24-88 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Patricia L. Dodge |
| WARDEN MICHAEL UNDERWOOD, ) | |
| ) | |
| Respondent. | |

## MEMORANDUM OPINION

Pending before the Court[1] is the Petition for a Writ of Habeas Corpus (ECF No. 8) filed by Eduard Sarkisov ("Petitioner") under 28 U.S.C. § 2241. For the reasons below, the Court will deny the petition.

**I.      Relevant Background**

Petitioner is a federal prisoner in the custody of the Bureau of Prisons ("BOP"), which houses him at FCI Loretto. He serving a sentence imposed following his conviction of 18 U.S.C. § 1591, sex trafficking of children. *United States v. Sarkisov*, 1:18-cr-20 (S.D. Ohio).

Petitioner initiated the instant litigation by lodging a petition in this Court on April 22, 2024. (ECF No. 1.) This petition was subsequently filed. (ECF No. 6.) In this petition, Petitioner raised one ground for relief: a challenge to the way the BOP is calculating his federal sentence, contending that it has refused to implement the First Step Act ("FSA") Earned Time Credits as required by law.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

After Petitioner filed that petition, he submitted for filing two other petitions under § 2241 in which he challenged a disciplinary proceeding which, he claimed, denied him due process. These petitions were lodged at a second docket number in this Court. (Civil Action No. 3:24-115.)

The Court then entered an order both in this action and in the second case initiated by Petitioner that directed him to file in this case one § 2241 habeas petition that included all of his habeas claims. (ECF No. 7.) Petitioner subsequently filed the instant Amended Petition.[2] (ECF No. 8.) Respondents filed an answer. (ECF No. 17). Petitioner did not file a reply.

The Amended Petition is ripe for review.

## II. Analysis

### A. Legal Considerations

In order to obtain habeas relief, Petitioner has the burden of demonstrating that he "is in custody in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2241(c)(3). Section 2241 confers habeas jurisdiction upon a federal prisoner's custodial court to hear challenges to BOP decisions that potentially affect the duration of his custody. *See*, *e.g.*, *Queen v. Miner*, 530 F.3d 253, 254 (3d Cir. 2008); *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990); *see also Dababneh v. Warden Loretto FCI*, 792 Fed. Appx. 149, 150 n.2 (3d Cir. 2019).

### B. Petitioner's Claims

#### 1. Ground One: Earned Time Credit

Petitioner first asserts that the BOP has refused to award him Earned Time Credits ("ETCs"). (ECF No. 8 at 6.) Under the FSA, ETCs can be earned for completion of certain programs and activities and be applied to prerelease placement for the prisoner. At the same time,

---

[2] In his Amended Petition, Petitioner does not include supporting facts for his claims; instead, he directs the Court to affidavits he had submitted in both of his cases. In the interests of justice, the Court will utilize these affidavits despite the incompleteness of his petition.

2

not all prisoners are eligible to earn ETCs. As is relevant here, prisoners with convictions for certain offenses deemed to be incompatible with recidivism reduction are ineligible to earn ETCs.

In relevant part, the FSA provides that "[a] prisoner is ineligible to receive time credits … if the prisoner is serving a sentence for a conviction under any of the following provisions of law…." 18 U.S.C. § 3632(d)(4)(D). One of the listed provisions of law is "Any offense under chapter 77, relating to peonage, slavery, and trafficking in persons, except for sections 1593 through 1596." 18 U.S.C. § 3632(d)(4)(D)(xxvii). As discussed above, Petitioner is serving a sentence for a conviction under 18 U.S.C. § 1591 for sex trafficking of children, which is part of chapter 77. Accordingly, as the BOP correctly informed him, (ECF No. 13-1 at 2), Petitioner is ineligible to earn or apply ETCs under the FSA.

Thus, Petitioner is not entitled to habeas relief on this ground.

2. Ground Two: Disciplinary Action

Petitioner next asserts that he was denied due process in a disciplinary matter. (ECF No. 8 at 7.) He asserts that he was charged with the introduction of contraband into the facility after he was found to be in possession of a homemade cigarette. (3:24-cv-115, ECF No. 2-6 at 2.) He asserts that he did not introduce the contraband into the facility because he found it after a staff member discarded it. Thus, he argues, he is entitled to relief from the sanctions imposed. (*Id.*)

Petitioner has failed to establish that anything that occurred during his disciplinary proceeding violated any constitutional right or federal law. It is well settled that a disciplinary determination is entitled to considerable deference by a reviewing court and must be upheld as long as there is "some evidence" to support it. As the Supreme Court has explained:

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board …. This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced .... Ascertaining whether this standard is satisfied does not require

3

> examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board .... We decline to adopt a more stringent evidentiary standard as a constitutional requirement.

*Superintendent, Massachusetts Corr. Institution v. Hill*, 472 U.S. 445, 455-56 (1985) (internal quotation marks and citation omitted); *see also Denny v. Schultz*, 708 F.3d 140, 144 (3d Cir. 2013) ("a prison disciplinary decision need only be supported by 'some evidence' in order to satisfy due process."); *Thompson v. Owens*, 889 F.2d 500, 502 (3d Cir. 1989) ("The due process requirements in this context are minimal"). The evidence need not be direct or "logically preclude[ ] any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. "[D]ue process...requires only that there be some evidence to support the finding made in the disciplinary hearing." *Id.*

The documents provided by Petitioner reflect that he was charged with and found guilty of a prohibited act designated as Code 331 and that he admitted to the charge at the hearing. (3:24-cv-115, ECF No. 2-1 at 2.) According to the BOP's website, Code 331 prohibits:

> Possession, manufacture, introduction, or loss of a non-hazardous tool, equipment, supplies, or other non-hazardous contraband (tools not likely to be used in an escape or escape attempt, or to serve as a weapon capable of doing serious bodily harm to others, or not hazardous to institutional security or personal safety) (other non-hazardous contraband includes such items as food, cosmetics, cleaning supplies, smoking apparatus and tobacco in any form where prohibited, and unauthorized nutritional/dietary supplements).

Because Petitioner admitted at the hearing that he possessed tobacco, the disciplinary decision was based on the requisite amount of evidence necessary to survive review by a federal habeas court.

As a result, Petitioner is not entitled to habeas relief on this ground.

4

**III.    Conclusion**

For these reasons, the Court will deny the petition. An appropriate Order follows.

May 5, 2025                                         /s/ Patricia L. Dodge
                                                    PATRICIA L. DODGE
                                                    UNITED STATES MAGISTRATE JUDGE